FILED
SEP 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

David L. Hamilton  #06184-017
Beaumont Petitioner,
POB 26020  Low FCC
vs. Beaumont, TX 77720-6020

Alberto Gonzales, Attorney General
United States of America,
Harley Lappin, Director BOP
        Respondents

Case: 1:07-cv-01692
Assigned To : Unassigned
Assign. Date : 9/24/2007
Description: Habeas Corpus/2255

PETITION FOR WRIT OF HABEAS CORPUS
Pursuant To Title 28 U.S.C. § 2241 (a)

Comes Now, Petitioner **Hamilton**, acting pro-se in the above matter.

The Petitioner **Hamilton**, is at Federal Correctional Institution whose Statutory and Due Process rights have been violated by the Federal Bureau of Prisons when they unconstitutionally denied him early release eligibility under 18 U.S.C. §3621(e), the Equal Protection Clause, and Due Process Clause of Fifth Amendment. An inmate who was sentence to a term of imprisonment pursuant to the provisions of Chapter 227, sub-chapter (D) for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug treatment program during his/her current commitment may be eligible, in accordance with paragraph (a) of this section for early release by a period not to exceed 12 months. Namely the five-hundred (500) hour in patient treatment program offered within the designated facilities. This is an intentive drug treatment program in which Congress enacted to address the growing concern and as an incentive authorized for a sentence reduction for those who completed the program. And it is for reason petitioner appeals to this Honorable Court for (consideration for early release).

///// 1 - PETITION FOR WRIT OF HABEAS CORPUS

RECEIVED
AUG 15 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## Jurisdiction of the Court

This Court has jurisdiction over this action pursuant to 28 U.S.C. §2241 because the petitioner's term in federal custody is being determined in violation of the United States Constitution and the Laws of the United States.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331, in that the action arises out of the Constitution and Laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

The Petitioner also invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1343(4), in that the petitioner seeks to redress the deprivation or right guaranteed by both the Constitution and Federal Statutes.

## PARTIES

The petitioner is presently confined at a Federal Correctional Institution pursuant to a judgment of the United States District Court for the District of Northern Florida, the Warden of the Federal Correctional Institution and through the Federal Bureau of Prisons an agency of the United States Department of justice is responsible for the petitioner's custody and his/her term of confinement.

## Statement of the Case

On May 26th, 06 the Honorable Judge Richard Smoak  for the United States DIstrict Court for the District of Nothern Florida lawfully sentence the petitioner to a term of imprisonment for 50 months  upon his /her conviction for violation of Poss Firearm/Drug Trafficking Offense 18 U.S.C.924(c)(1)(A)(i) and 2
Case No. 5:06CR02RS-001 has been in custody in connection with this offense since                  ,20   .

## Statement of Law

Program statement,which listed felon in possession of firearm as disqualifying "crime of violence" for purpose of early release under
///// 2 - PETITION FOR WRIT OF HABEAS CORPUS

prison's drug abuse treatment program and which was in effect when inmate began and completed the program was imsufficent authority to render inmate ineligible for early release based on successful completion, insomuch as prevailing statutory definition of " crime of violence " did not encompass felon's mere possession of firearm. 18 U.S.C.A. § 16, 922(g), 924(c)(3), 3621(e)(2)(B).

In King v. Morrison 231 F.3d 1094 (8th Cir. 2000) Section 32001 of the Violent Crime control and Law enforcement Act of 1994 codified at 18 U.S.C.A. § 3621(e)(2)(B) authorizes the B.O.P. to offer an early release incentive to certain federal prisoners to encourage them to enroll in it's voluntary drug abuse treatment program. The statute is discretionary. It does not require the B.O.P. to give any prisoner a sentence reduction. The agency must only (1) limit it's consideration reductions to those prisoner's convicted of non violent offenses: (2) Limit any sentence reduction to one year or less.

Futher Congress did not define " crime of violence " leaving agency to interpret the term. On May 25, 1995, the B.O.P. issued P.S. 5330.10 (Drug Abuse Programs Manual) which listed the qualifications that participating inmates must meet in order to qualify for early release eligiblity.

A substance abuse problem [shall] have the opportunity to participate in appropriate substance abuse treatment. In 1994, as incentive for prisoner's to seek treatment, Congress made one-year sentence reductions available to prisoners convicted of non-violent offenses who succesfully completed the substance abuse treatment programs, 18 U.S.C. §3621(e)(2)(B). As a result , in 1995, the B.O.P. published a regulation to implement the early release incentive and defined a non-violent offense to exclude any conviction accompanied by the possession of a firearm or other dangerous weapons. The Ninth Circuit rejected the B.O.P.'s <u>interpretation</u>, holding that the

///// 3 - PETITION FOR WRIT OF HABEAS CORPUS

B.O.P. cannot define " non-violent offense " to exclude firearm possession when Congress defines " non-violent offense " in precisely the opposite way Davis v. Crabtree 109 F.3d 566, 569 (9th Cir. 1997): See also Downey V. Crabtree, 100 F.3d 662, 667 (9th Cir. 1996).

According, the B.O.P. promulgated an interim regulation on Octber 9,1997, and made the regulation effective on October 15, 1997, See 28 C.F.R. §550.58(a)(1)(vI(B)(1997); 62 F.3d Reg. 53, 690, P.S. 5162.04 (Oct. 9, 1997). The (1997) interim regulation made ineligible for the early release incentive to those prisoners currently incarcerated for an offense that involved the possession, use, or carrying of a firearm 28 C.F.R. §550.58(a)(1)(VI)(B) Relying instead on its discretion rather than on an interppetation of the term " non-violent offense " , the B.O.P.'s (1997) rule and program statement exclude exacty the same prisoners from early release eligibility who were ineligiible under the old rules Id.

But the Court have upheld the exercise of the B.O.P.'s descretion on rule and program statements and policies were invalid because they were not implemented in accordance with the notice and comment provisions of the Administrative Procedures Act (APA). Lopez v Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 143 L.Ed 2d 635 (2001); Grassi v Hood, 251 F.3d 1218, 1221 (9th Cir. 2001); Bower v Hood, 202 F. 3d 1211 (9th Cir. 2000) rev'g Davis v Crabtree, 28 F. Supp. 2d 1264 (D. Or. 1998)(holding that the B.O.P.'s new interp tation conflicted with the unambigously expressed intent of Congress, Meriting on defense). On December 22, 2000, the B.O.P. replaced the (1997), interim regulatiom with a final regulation which adopted the (1997) regulation without any change. See 65 Fed. Reg.80, 745. See in Bohner v Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003) that the (1997) rules were invalid because they were promulgated in violation of the (APA). In the Ninth Circurt Court
///// 4 - PETITION FOR WRIT OF HABEAS CORPUS

of Appeals it was held in Paulsen v. Daniels, that the B.O.P. plainly violated the APA in it's promuglation of the (1997) interim regulation" and that because the effect of the regulation was to deny petitioner's sentence reduction the petitioner clearly has sustained an injury in fact affording him standing .ID at 1004, 2005 WL 1523203.

Petitioner also submits to this Honorable Court the Statute 18 U.S.C 3621 (e)(5)(B)authorized the BOP to select those inmates who will be best served by participation in a treatment program.

Congress did not specify a precise program to be implemented by the BOP, but instead left to discretion of the BOP the determination of how to implement the specifics of the program:

In effect this subparagraph authorizes the Bureau of Prisons to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and uniformly applied by the Bureau of Prisons.
H.R.Rep. 103-320 , 103rd Congress, 1st Sess.(1993)(Emphasis added).

In Laws V Barron 348 Fsupp2d 795(E.D.KY 2004)the Court explained that "the BOP applies the same standard on the instant Petitioner thoughout the nation , as explained by Dr. Hanson's statement to this effect but also by the language in the regional and national memoranda as they instruct and emphasize consistancy .[P]etitioner challenges this claim and would submit to the Court his exhibit number one.

///// 5-PETITION FOR WRIT OF HABEAS CORPUS

The Exhibit entitled "Operations Memorandum 02-99(5162)" Dated 5/17/99 Subject :Release Procedures for Inmates Eligible For Release Under 18 U.S.C § 3621(e).

This memorandum clearly shows that BOP policy is not uniform as required by Congress but varies from Circuit to Circuit.

In Practice the BOP transfers inmates to the less desirable circuits to avoid having to grant the sentence reductions thus circumventing the uniform rule and policy mandate from Congress. If Petitioner were convicted in the Ninth Circuit the Offense of Felon In Possession of a Firearm could not be used to deny sentence reduction eligiblity nor could sentence enhancement factors. See BOP OM 038-97. (Petitioner was not able to find any superceding OM's on this subject).
This action of the BOP is violative of Petitioner's rights of Due Process and Equal Protection granted by the Constitution of the United States.

The Equal Protection Clause forbids a state from arbitrarily treating on group of prisoners worse than another.See Anderson v. Romero 72 F3d 518, 526(7th Cir 1995) also Davis v. Milwaukee County 225 Fsupp2d 967(E.D.Wis 2002).
In the Petitiioner's Case Number 5:06CR02-RS-001    Felon In Possession of a Firearm , dated 12/19/05   showing this as the basis for denial of eligibilty for a reduction in sentence upon successful completion of the BOP's RDAP Program , Form J would show a deprivation of a due process protected liberty interest, protected by U.S.C.A. Const Amend 5. See Richardson v. Joslin 397 FSupp2d 830 (N.D. TX 2005) stating "Inmate can establish the deprivation of a due-process liberty interest mandated under
///// 6-PETITION FOR WRIT OF HABEAS CORPUS

federal law that affects the duration of his sentence, although this requires more than a unilateral expectation of a sentence reduction, rather inmate must have a legitimate claim of entitlement to sentence reduction.

The disparity between the Circuits as shown by the BOP's Operations Memorandum marked Exhibit One and the Bureau of Prison show not all prisoners are treated properly in regards to their Due Process rights. The due process rights of prisoners include freedom from restraint which imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. Sandin V. Conner 515 U.S. 472, 115 S.CT. 2293, 132 Led2d 418(1995).

Here, Petitioner Hamilton, was convicted of a non-violent offense and claims he is elibible for reduction of his period of custody under under 18U.S.C.§ 3621(e).

In summary the Petitioner Hamilton has filed for Habeas Corpus relief under 28 U.S.C. 2241, that the Bureau violated the APA, and that the violation was not harmless, the Question of Remedy, "Ordinarily when a regulation is not promulgated in compliance with the APA, the regulation in invalid". Idaho Farm Bureau, 58 F3d at 1405(9th Cir1987).

## CONCLUSION

Therefore, for these reasons the Petitioner's Writ of Habeas Corpus should be granted and on Order issued to the BOP deeming the Petitioner eligible for a reduction of his period of custody upon Petitioner's successful completion the RDAP Program. The BOP shall grant a reduction of one year from Petitioner's sentence.

Respectfully Submitted _[signature]_ Date 8-01-07

*Warden*
*AW Complex*
*CMC*
*DAP unit/Staff* 5/17-99 *no*
*[illegible]*

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

NUMBER: 026-99 (5162)
DATE: 5/17/99
SUBJECT: Release Procedures for Inmates Eligible for Release Under 18 U.S.C. § 3621(e)

EXPIRATION DATE: 5/17/00

1. **PURPOSE AND SCOPE.** To extend the cancellation dates of the Operations Memoranda listed below.

   These OMs relate to court decisions in various Circuits that have interpreted the early release provisions for Residential Drug Abuse Programs (RDAP) under 18 U.S.C. § 3621(e). Because the litigation that resulted in the publication of these OMs is not yet settled, and additional litigation on 18 U.S.C. § 3621(e) releases is pending, permanent Bureau policy cannot be set at this time.

   The cancellation dates of the Operations Memoranda listed below, except for OMs 052-98 and 068-98, were previously extended by OM 032-98 (5162) (5/5/98).

2. **DIRECTIVES REFERENCED**

   PS 5330.10    Drug Abuse Program Manual (6/1/95)
   PS 5162.02    Definition of Term, "Crimes of Violence" (7/24/95)
   PS 5162.04    Categorization of Offenses (10/9/97)

   OM 038-97 (5330)  Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Ninth Circuit (5/31/97)
   OM 054-97 (5162)  Under 18 U.S.C. § 3621(e) Release Procedures Under CN-01 to PS 5162.02 for Inmates in the Ninth Circuit (7/17/97)
   OM 078-97 (5162)  Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Third Circuit (9/8/97)

EXHIBIT
1

07 1692

FILED
SEP 24 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| OM 022-98 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Seventh Circuit (2/25/98) |
| OM 023-98 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Under 18 U.S.C. § 3621(e) in the Eight Circuit (2/25/98) |
| OM 052-98 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Pursuant to 18 U.S.C. § 3621(e) in the Tenth Circuit |
| OM 068-99 (5162) | Release Procedures for Inmates Eligible for Sentence Reduction Pursuant to 18 U.S.C. § 3621(e) in the Eleventh Circuit |

3. **SUMMARY OF DIRECTIVES**. Since staff or inmates may not be familiar with each of these Operations Memoranda, a summary of the cases is provided below. These OMs do not apply to al inmates or all Bureau institutions. Therefore, staff and inmates are encouraged to read each OM to understand each cases's provisions and the requirements imposed upon staff and inmates to implement each decision.

   a. OM 038-97 resulted from two cases in the Ninth Circuit. Downey v. Crabtree and Davis v. Crabtree. In Downey, the Ninth Circuit held that no sentence enhancement factors can be used when determining eligibility for an 18 U.S.C. § 3621(e) release. In the Davis case, the Court held that Bureau staff may not interpret the offense Felon in Possession of a Firearm as a crime of violence.

   b. OM 054-97 announced the results of Cort v. Crabtree in which the Ninth Circuit found that CN-1 to PS 5162.02, Definition of Term, "Crimes of Violence" may not be applied to any inmate who had either begun participating in or received a favorable eligibility determination for a sentence reduction prior to CN-1's issuance on April 23, 1996.

   c. OM 078-97 provided implementation instructions for Roussos v. Menifee in which the Third Circuit held the Bureau could not rely on any sentence enhancement factors when determining whether an inmate is convicted of a nonviolent offense under 18 U.S.C. § 3621(e).

   d. OM 022-98 announced a Seventh Circuit decision in Bush v. Pitzer that was similar to the decision in OM 078-97.

   e. OM 023-98 announced an Eighth Circuit decision in Martin v. Gerlinski that was also similar to the decision in OM 078-97.

OM 026-99 (5162)
5/17/99
Page 3

   f. OM 052-98 announced a Tenth Circuit decision in Fristoe v. Thompson that was similar to the decision in OM 078-97.

   g. OM 068-98 announced an Eleventh Circuit decision in Byrd v. Hasty that was similar to the decision in OM 078-97.

4. **ACTION**

   a. The expiration dates of all of the Operations Memoranda listed above are hereby extended to the date in the header of this Operations Memorandum.

   b. Staff and inmates should consult each particular OM to understand the process and to determine the impact upon any individual case.

   c. This Operations Memorandum shall be placed on all Inmate Bulletin Boards and in the inmate law library.

   d. A copy of this Operations Memorandum is to be filed in front of **each** of the Operations Memoranda listed above.


/s/
Dennis Bidwell for
Michael B. Cooksey
Assistant Director
Correctional Programs
Division

/s/
Christopher Erlewine
Assistant Director/
General Counsel

| BP-S761.055 **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE** CDFRM  WA  JAN 04 | |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
| To Hamilton, David | Reg No. 06184-017 |
| From T. Mischel, Ph.D. | Institution FCC (Low) Beaumont, TX |
| Title DAPC | Date 7-18-07 |

### SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you (___DO  X DO NOT) meet the admission's criteria for the Residential Drug Abuse Program. It appears that you (___DO  X DO NOT) qualify to participate in the Residential Program. State the reason(s) below.

Comments: According to the P.S. 5330.10, Chapter 5. You don't meet entrance criteria. As you were a transfer from another institution, you will be allowed to stay in program.

### SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| ___ Not an INS detainee. | ___ Not a pre-trial inmate. |
|---|---|
| ___ Not a contractual boarder. | ___ Not an "old law" inmate. |
| ___ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | ___ Not a crime of violence as contained in BOP Categorization of Offenses policy.  ___ Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |
| ___ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. | |

My current assessment, in consultation with your unit team, is that it (___DOES  X DOES NOT) appear that you are provisionally eligible for early release. If not, list ALL the reason(s).

Comments: 924c precludes early release consideration

If applicable, I understand that a determination of early release for me is <u>provisional, may change</u>, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.

| Inmate's Signature (indicate if refused to sign)  *[signature: David Hamilton]* | Refused to sign  ___ Yes  ___ No |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

(This form may be replicated via WP)                    (This form replaces BP-S761 dtd DEC 03)